JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 15-00618 SJO (ASx)   **DATE:** February 3, 2015

**TITLE:** Montebello Mobile Home Park LLC v. Miguel Pulido et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY; DENYING DEFENDANT ERICA PULIDO'S REQUEST TO PROCEED IN *FORMA PAUPERIS* AS MOOT** [Docket No. 2]

This matter is before the Court on its own motion. On October 27, 2014, Plaintiff Montebello Mobile Home Park LLC ("Plaintiff") initiated an unlawful detainer action in the Superior Court of California for Los Angeles County (the "State Court Action") against Defendants Miguel Pulido and Does 1 though 20 (collectively, "Defendants"). (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants have failed to pay rent and utilities and remain in unlawful possession of the property located at 525 S. Greenwood Avenue, Space 21, Montebello, California 90640 (the "Property") after being served with notices regarding their alleged failure to comply with their rental agreement on March 26, 2014.[1] (Compl. ¶¶ 5, 7-11, 14-16.) On January 27, 2015, Erica Pulido ("Pulido")[2] removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" and reject

---

[1] Plaintiff alleges that it attached copies of the March 26, 2014 notices to the Complaint as Exhibits B and C. (Compl. ¶¶ 14-15.) However, Defendant did not file the notices with this Court. (*See generally* Compl.; Notice.)

[2] Despite their shared surname, it is not entirely clear what relationship Erica Pulido has to Miguel Pulido, the only named defendant in the Complaint. However, Pulido is listed on and affixed her signature to the demurrer filed in the State Court Action on November 7, 2014, (*see* Notice 11-12 (the "Demurrer")), and the Demurrer identifies both Miguel and Erica Pulido as Defendants.

| | | |
|---|---|---|
| **JS-6** | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-00618 SJO (ASx)     **DATE:** February 3, 2015

federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations and internal quotation marks omitted). Under the removal statute, an action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

In the Notice, Pulido argues that the Court has federal question jurisdiction. (*See* Notice ¶¶ 5-7.) Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state law cause of action for unlawful detainer. (*See generally* Compl.) In the Notice, Pulido argues that Defendants withheld rent because Plaintiff discriminated against Defendants under various provisions of the Fair Housing Act (the "Act"), 42 U.S.C. §§ 3601, *et seq.* (*See* Notice ¶¶ 5-7.) On this basis, Pulido argues that "[f]ederal question jurisdiction exists because [Defendants'] pleading[s] depend on the determination of [Defendants'] rights and Plaintiff's duties under federal law." (Notice ¶ 7.) Overall, Defendants apparently seek to assert Plaintiff's alleged failure to comply with the Act as a defense to Plaintiff's unlawful detainer action. However, as indicated, a federal defense does not convert a state-law claim into a federal one. *See Williams*, 482 U.S. at 392. Thus, the Court finds that Defendants have failed to meet their burden of raising a federal question.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because the matter is hereby remanded, the Court **DENIES** Pulido's Request to Proceed in *Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.